Olga **FIELD**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 14010.

United States Court of Appeals
Third Circuit.

Argued Nov. 5, 1962.

Decided Feb. 19, 1963.

A. Harry Levitan, Philadelphia, Pa., for petitioner.

Joseph R. Ritchie, Jr., Asst. U. S. Atty., for respondent.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

## PER CURIAM.

This matter is before the Court on motion of the Immigration and Naturalization Service to remand the case to the Service for further proceedings and to dismiss the petition for judicial review filed herein.

The record discloses that petitioner, Olga Field, was charged with being an alien illegally in the United States and subject to deportation under section 241 (a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a) (6) (C), because of her membership in the Communist Party. A warrant for petitioner's arrest issued on August 13, 1954.

A hearing followed. The Special Inquiry Officer who heard the case for the Service found that petitioner was an alien; that she had entered the United States in 1932, 1933 and 1934 [1] and was admitted in those years as a nonimmigrant student or visitor; that she last entered the country on December 17, 1943, at which time petitioner was admitted as an immigrant for permanent residence; that she was a member of the Communist Party of the United States in 1936 and 1937; and that no evidence had been presented to establish termination of her membership in the Party. Based on these findings the hearing officer concluded that petitioner was subject to deportation on the ground that after entry into the country she was a member of the Communist Party of the United States, and he ordered that she be deported.

An appeal was taken to the Board of Immigration Appeals. The Board found that the decision below was based upon reasonable and substantial evidence, and on February 25, 1955, ordered the appeal be dismissed. A deportation warrant issued on June 20, 1955, but was not executed.

On April 18, 1962, petitioner filed in this Court, pursuant to the provisions of 8 U.S.C.A. § 1105a(a),[2] her petition for judicial review of the validity of the final deportation order of February 25, 1955. The petitioner challenges the legality of the order on the following grounds: (a) there was no finding that petitioner was a member of the Communist Party of the United States after her last lawful admission to this country as an immigrant for permanent residence on December 17, 1943; (b) the record is devoid of reasonable, substantial and probative evidence showing that petitioner's membership in the Party in 1936 and 1937 was a knowing and meaningful membership; (c) the order of deportation is not based upon reasonable, substantial and probative evidence; and (d) the statute as applied to petitioner is unconstitutional in that there is no authority to deport a legally resident immigrant alien on any ground other than wrongful entry into the United States.

After the filing of the petition for judicial review in this Court the Immigration and Naturalization Service, on notice to petitioner's counsel, filed a motion with the Board of Immigration Appeals for a withdrawal of the deportation order of February 25, 1955, and for a remand of the proceedings to the Service. In its motion the Service pointed out that the administrative proceedings involving petitioner had been completed prior to the decision of the Supreme Court in Rowoldt v. Perfetto, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed.2d 140 (1957) and obviously did not take into consid-

1. Following petitioner's entry into the United States as a nonimmigrant in 1934, she remained in this country until her residence was legalized in 1943 through preexamination procedures. 8 U.S.C.A. § 1201 et seq.

2. The cited section became effective on the thirtieth day after its approval on September 26, 1961, and provided for the filing of a petition for judicial review not later than six months from the date of the final deportation order or from the effective date of section 1105a(a), whichever is the later.

eration the issues raised by that decision; also, that petitioner's long residence in the United States and other personal factors indicated the desirability of bringing the record up to date so as to afford petitioner an opportunity to apply for such discretionary relief as may be available to her.

Counsel for petitioner objected to the remand on the ground that a reconsideration of the proceedings in the light of the issues raised by Rowoldt would serve no useful purpose because of petitioner's claim that her case was controlled by the later Supreme Court decision in Bonetti v. Rogers, 356 U.S. 691, 78 S.Ct. 976, 2 L.Ed.2d 1087 (1958),[3] and also because petitioner had not indicated a desire to be afforded an opportunity to request discretionary relief.

The Board of Immigration Appeals, by order dated October 11, 1962, overruled petitioner's objection to the remand and directed that the outstanding deportation order be withdrawn and that the case be remanded to the Service for such further proceedings as may be necessary. The Board's action was made subject to this Court's approval. Thereupon the Service filed its present motion, to the granting of which petitioner makes the same objections here as were urged before the Board.

We think this is a proper case for a remand. Petitioner has been in this country many years. She is married to a United States citizen, and has children who were born here. Seven years have elapsed since the deportation order was made in 1955. The Service should be given the opportunity to bring this record up to date and to review the proceedings in the light of the Supreme Court decisions in the Rowoldt and Bonetti cases. The Service has indicated that a remand will make moot the issues raised in the petition for judicial review. Under all of the circumstances, the motion to remand the case to the Service and for a dismissal of the petition will be granted.

3. Both Rowoldt and Bonetti involved deportation proceedings under section 22 of the Internal Security Act of 1950. That section, in substance, has been incorporated in the statute here applicable, the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a) (6) (C).

The Rowoldt case turned on the sufficiency of the evidence in support of the deportation order. The court found the record too insubstantial to establish that the alien's membership in the Communist Party was the kind of meaningful association required by section 22 to support an order of deportation.

In Bonetti, the alien was admitted to the United States for permanent residence in 1923. He was a member of the Communist Party from 1932 through 1936. He then left the Party and never rejoined it. In 1937 the alien went abroad, abandoning all rights of residence in the United States. In 1938 he was readmitted to the United States for permanent residence as a quota immigrant. In 1951 he was ordered deported as an alien who had been a member of the Communist Party after entry into the country. The court held that since the alien's claim of right to remain in the United States was based upon his entry into the country in 1938, and since he was not then or thereafter a member of the Party, he was not deportable.